**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Severiano ALMANZA–TAPIA,**
Defendant–Appellant.

No. 03–41376.
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

DECIDED: April 21, 2004.

---

James Lee Turner, Assistant US Attorney, David Hill Peck, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, H. Michael Sokolow, Cesar A. Amador, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Severiano Almanza–Tapia pleaded guilty to a charge of being present illegally in the United States subsequent to deportation and a conviction for an aggravated felony, a violation of 8 U.S.C. § 1326. The district court sentenced him to sixty-three months of imprisonment and three years of supervised release.

Almanza–Tapia contends that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) are unconstitutional. He acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he asserts that *Almendarez–Torres* has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). We must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omit-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ted). Accordingly, the judgment of the district court is AFFIRMED.